UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :    CR-08-076 (NGG)
                              :
      v.                      :    February 7, 2008
                              :
ERNEST GRILLO,                :    Brooklyn, New York
 WILLIAM SCOTTO,              :
           Defendants         :
                              :
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
BEFORE THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:        ROSLYNN R. MAUSKOPF, ESQ.
                           UNITED STATES ATTORNEY
                           BY: MITRA HORMOZI, ESQ.

                           ASSISTANT U.S. ATTORNEY
                           225 Cadman Plaza East
                           Brooklyn, New York  11201


For the Defendant:         JEREMY ORDEN, ESQ.
                           SETH GINSBERG, ESQ.

Audio Operator:


Court Transcriber:         ARIA TRANSCRIPTIONS
                           c/o Elizabeth Barron
                           31 Terrace Drive, 1st Floor
                           Nyack, New York 10960
                           (215) 767-7700


Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
 1        THE CLERK:  Criminal cause for arraignment.  Case
 2   number 08-CR-76, United States versus Ernest Grillo and
 3   William Scotto.  Counsel, please state your name for the
 4   record.
 5        MS. HORMOZI:  Mitra Hormozi and Dan Ramel (ph) for
 6   the Government.  Good afternoon, your Honor.
 7        THE COURT:  Good afternoon.
 8        MR. ORDEN:  Jeremy Orden for Ernest Grillo.  Good
 9   afternoon, your Honor.
10        THE COURT:  Good afternoon.
11        MR. GINSBERG:  Seth Ginsberg for William Scotto.
12   Good afternoon.
13        THE COURT:  Good afternoon.  Good afternoon, Mr.
14   Grillo and Mr. Scotto.  Do both of you speak and understand
15   English without difficulty?
16        DEFENDANT GRILLO:  Yes.
17        DEFENDANT SCOTTO:  Yes.
18        THE COURT:  Alright.  If there is anything that is
19   said here today that you need clarification for, please let
20   me know.
21        The purpose of this proceeding is to make sure you
22   understand the crimes that you were charged with.  And to
23   make sure you understand you have the right to counsel.  If
24   you wish to confer with your counsel at any time, just let
25   me know.  In addition, we'll address the question as to
```

whether or not you will be released on bail or held in jail.

        Mr. Grillo and Mr. Scotto, have both of you had the opportunity to review with your counsel the charges set forth against you in the indictment returned by the grand jury? Mr. Grillo?

        DEFENDANT GRILLO: I have.

        THE COURT: Mr. Scotto?

        DEFENDANT SCOTTO: Yes, your Honor.

        THE COURT: Alright. And have you had the opportunity to discuss those charges with your attorney, Mr. Grillo?

        DEFENDANT GRILLO: Yes.

        THE COURT: Mr. Scotto?

        DEFENDANT SCOTTO: Yes.

        THE COURT: Do both of you understand the charges against you?

        DEFENDANT GRILLO: Yes.

        DEFENDANT SCOTTO: I do.

        THE COURT: Alright. Would either of you like me to read the indictment to you or do you waive reading? Mr. Grillo?

        DEFENDANT GRILLO: I waive it.

        THE COURT: Mr. Scotto?

        DEFENDANT SCOTTO: I waive it.

        THE COURT: Alright. Thank you. Mr. Grillo,

would you like to enter a plea of guilty or not guilty?

DEFENDANT GRILLO: Not guilty.

THE COURT: The Court will enter a not guilty plea for Mr. Grillo. And for Mr. Scotto, Sir?

DEFENDANT SCOTTO: Not guilty.

THE COURT: The Court will enter a not guilty plea for Mr. Scotto. Does the government have a position on the question of detention or bail for Mr. Grillo?

MR. RAMEL: Yes, the government seeks a Court order.

THE COURT: Alright. Counsel for Mr. Grillo, do you have a proposal at this time to be considered?

MR. ORDEN: Not at this time, your Honor. But we do anticipate making one in the near future. We would like to come back on Tuesday. And, therefore, we are going to consent to a temporary order until that date.

THE COURT: The Court will enter a temporary order. And you can come back February 12th at 11:00 am for detention hearing.

MR. ORDEN: That's fine.

THE COURT: Does Mr. Grillo have any medical needs or concerns or medications that you need?

MR. ORDEN: No, your Honor.

THE COURT: Alright, thank you. With respect to Mr. Scotto, what is the government's position, please?

1  MS. HORMOZI: Your Honor, Mr. Scotto was sentenced
2  on Monday to a term of imprisonment of 32 months. He was
3  supposed to surrender on April 8th.
4  The government and defense counsel consented to
5  move up the surrender date to March 7th so that Mr. Scotto
6  can get his affairs in order, and then we would ask for --
7  it might be moved but a permanent order of detention to go
8  along with his (ui) term of imprisonment for the sentence he
9  just received.
10  THE COURT: So, until that time, you would allow
11  him to remain --
12  MS. HORMOZI: On the bail that he's presently on
13  and the terms that was set by Judge Sifton.
14  THE COURT: Just so I can understand, he currently
15  has been released on one million dollar bond. Is that
16  correct?
17  MS. HORMOZI: That's correct.
18  THE COURT: Secured by property located at 37
19  Regent -- is that Court?
20  MR. GINSBERG: Circle, I believe.
21  THE COURT: Circle. Alright, in Staten Island.
22  And are the suretors that signed the original bond aware of
23  the current circumstances and are they willing to continue
24  on a bond under the circumstances?
25  MR. GINSBERG: They are.

```
 1            THE COURT:  Alright.  That's Katrina Anthony
 2   Scotto, Marta and Peter Tavares (ph) and John and Darlene
 3   (ui).  Have they all been advised?
 4            MR. GINSBERG:  Yes.
 5            THE COURT:  And you're representing that they have
 6   agreed to remain on the bond?
 7            MR. GINSBERG:  Yes.  They're the defendant's
 8   sisters and brother and respective in-laws.
 9            THE COURT:  Alright.  And the surrender date is?
10            MS. HORMOZI:  March 7th, your Honor.
11            THE COURT:  Alright, Mr. Scotto, I will then
12   advise you that if you fail to come to court as directed on
13   March 7th, a warrant will be issued for your arrest.  You'll
14   be held in jail and in all likelihood not be granted bail
15   again.
16            Failure to appear may result in charges of bail
17   jumping which can be punished by up to five to ten years in
18   prison, even if you're never convicted of the charges in
19   this underlying indictment.  Any sentence will be
20   consecutive to any sentence you may receive if you are
21   convicted of the charges in the indictment.
22            You're subject to increased punishment if you
23   commit any crimes while you're out on bail, and if you
24   threaten any witness or attempt to influence the testimony
25   of anyone who may be a witness in your case.  If you have
```

any contact with any codefendants, you may be subject to punishment for that as well.

You will continue to abide by the terms of your original bond which is restricted travel in the Eastern and Southern Districts of New York. And I am advising you as before you may not have contact with members or associates or organized crime or any codefendants.

You will remain under the supervision of Pretrial Services subject to random visits to your home and place of business. And you have a 9:00 pm curfew.

(Pause in proceedings)

THE COURT: Alright, are we agreed on the curfew?

MR. GINSBERG: He's not had a curfew for some time.

THE COURT: Alright. And the government is agreeable to that?

MS. HORMOZI: Yes, your Honor.

THE COURT: Alright. In addition, let me just further advise you to keep your attorney apprised of your whereabouts at all times. And you need to report to Pretrial Services, appear in court as directed, surrender as directed.

No committing crimes while you're out on bail and please do not have contact with anyone who is a codefendant or member or associate of organized crime or attempt to

```
 1   influence the testimony of anyone who may be a witness in
 2   this case.
 3             Can you abide by those conditions, Sir?
 4             DEFENDANT SCOTTO:  Yes.
 5             THE COURT:  Alright.  I will have you sign this
 6   bond as well.  And thank you.
 7             (Pause in proceedings)
 8             THE CLERK:  Counsel, is there anything else?
 9             MR. GINSBERG:  Nothing for the defense.
10             THE COURT:  Alright, thank you.
11             ALL:  Thank you.
12             MS. HORMOZI:  I'm sorry.  Your Honor, just for the
13   record, the status conference is scheduled for February 27th
14   at 11:00.
15             THE COURT:  Alright.
16             MS. HORMOZI:  And we ask that the time be
17   excluded.
18             THE COURT:  Alright.
19             (Pause in proceedings)
20             THE COURT:  Has Mr. Scotto been advised of his
21   right to speedy trial and does he agree to exclude time?
22             MR. GINSBERG:  Yes.
23             THE COURT:  Alright.  Is that correct, Mr. Scotto?
24             DEFENDANT SCOTTO:  Yes.
25             THE COURT:  Alright.
```

1  MR. GINSBERG: Thank you, your Honor.
2  THE COURT: Thank you.
3  MR. ORDEN: Thank you, Judge.
4  * * * * * * * * * * * * *

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*[signature]*

ELIZABETH BARRON					February 19, 2008