JB:JL
F. #2007R00730

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 1 6 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

JOSEPH AGATE, et al.,

    Defendants.

- - - - - - - - - - - - - - - -X

O R D E R

Cr. No. 08-76 (JBW)

On April 9, 2008, the court held hearings on the government's proposal to divide the case into groups for trial. The court also addressed the request for a meeting with all of the defendants at the courthouse, potential attorney conflicts of interest raised by the government, and access to the recordings produced in discovery at the Metropolitan Detention Center. For the reasons stated on the record in open court, IT IS HEREBY ORDERED:

    1. The request to hold a meeting for all of the defendants in the courthouse is denied. The non-incarcerated defendants are permitted access to the courthouse to hold meetings, in accordance with their bail restrictions, should they choose to do so.

    2. Subject to modifications occasioned by pleas and other pretrial matters, the case will be divided into nine groups (designated as Group A through Group I) for purposes of trial.

The first trial, of Group A defendants, shall commence on June 9, 2008. The trial for each successive group will commence thereafter with a short break between trials. Should the government have the resources, the court will hold simultaneous trials with the assistance of other judges. The government shall promptly notify the court if it can conduct simultaneous trials.

    a. Group A will consist of defendants Domenico Cefalu, John D'Amico, Louis Filippelli, Vincent Pacelli, and Augustus Sclafani.

    b. Group B will consist of defendants Jerome Brancato, Joseph Chirico, Anthony O'Donnell, and Arthur Zagari.

    c. Group C will consist of defendants Thomas Cacciopoli, Gino Cracolici, Robert Epifania, Anthony Licata, Joseph Scopo, and William Scotto.

    d. Group D will consist of defendants Mario Cassarino, Leonard DiMaria, Vincent Dragonetti, Ernest Grillo, Steven Iaria, Joseph Spinnato, Abid Ghani, Eddie James, and Frank Vassallo.

    e. Group E will consist of defendants Vincent Amarante, Frank Cali, William Kilgannon, Todd Polakoff, Steven Sabella, and Michael Urciuoli.

    f. Group F will consist of defendants Joseph Agate, Nicholas Calvo, Sarah Dauria, Anthony Delvescovo, Michael King, Louis Mosca, and Anthony Scibelli.

g. Group G will consist of defendants Russell Ferrisi, James Outerie, Richard Ranieri, Tara Vega, Joseph Casiere, Vincent Donnis, Cody Farrell, Ronald Flam, Joseph Gaggi, Anthony Giammarino, Christopher Howard, John Kasgorgis, Lance Moskowitz, John Pisano, Guilio Pomponio, Jerry Romano, John Regis, and Edward Sobol.

h. Group H will consist of defendants Joseph Corozzo, Vincent DeCongilio, Richard Gotti, Vincent Gotti, Anthony Ruggiero, Jr., and Nicholas Corozzo (should he appear in the case).

i. Group I will consist of defendant Charles Carneglia.

3. The motions for adjournment of the trials by defendants John D'Amico, Louis Filippelli, Vincent Pacelli, Augustus Sclafani, Joseph Chirico and Anthony O'Donnell are denied with leave to renew at a later date.

4. The motions for severance by defendants Mario Cassarino and Leonard DiMaria from defendants Joseph Corozzo and Nicholas Corozzo are granted as reflected in the above trial group designations. The motions by defendants Mario Cassarino and Ernest Grillo to move Group F ahead of Group D in the trial order are denied.

5. The motions for severance from other defendants in their designated trial groups by defendants Louis Filippelli,

3

Vincent Pacelli, Augustus Sclafani, Anthony Licata, William Scotto, Gino Cracolici, Steven Iaria, Joseph Spinnato, Abid Ghani, Eddie James, Frank Vassallo, William Kilgannon, Todd Polakoff, Sarah Duria, Tara Vega, Ronald Flam, John Pisano, John Regis, Joseph Corozzo and Vincent DeCongilio are denied with leave to renew at a later date.

6. Defense counsel are required to advise the government and the court of any potential conflicts of interest related to current or prior representation that have not otherwise been raised by the government or revealed in open court.

7. The representation by Eric Franz, Esq. of defendant Augustus Sclafani in this case and government witness Michael DiLeonardo in prior criminal cases presents a potential but waivable conflict of interest. As part of that waiver, Mr. Franz will not cross-examine DiLeonardo should he testify at trial. Following an inquiry of Sclafani into his understanding of the potential conflict and the limitations placed on his attorney, including not cross-examining DiLeonardo, the court accepts his waiver. Sclafani will file an executed written waiver.

8. The joint representation by Joseph Benfante, Esq. of defendants Joseph Chirico and Russell Ferrisi in this case presents a potential but waivable conflict of interest.

Following an inquiry of Chirico and Ferrisi into their understanding of the potential conflict and the limitations placed on their attorney, the court accepts their waivers. Chirico and Ferrisi will file executed written waivers.

9. The representation of defendant Joseph Scopo by Joseph DiBenedetto, Esq., who previously was associated in The Law Offices of Benfante & DiBenedetto, PLLC with Joseph Benfante, Esq., who represents defendants Joseph Chirico and Russell Ferrisi in this case, presents a potential but waivable conflict of interest. Following an inquiry of Scopo into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Scopo will file an executed written waiver.

10. The joint representation by Vincent Martinelli, Esq. of defendants Anthony O'Donnell and Steven Sabella in this case presents a potential but waivable conflict of interest. Following an inquiry of O'Donnell and Sabella into their understanding of the potential conflict and the limitations placed on their attorney, the court accepts their waivers. O'Donnell and Sabella will file executed written waivers.

11. The representation by Ronald Rubinstein, Esq. of defendant Arthur Zagari in this case, government witness Anthony Ruggiano in prior criminal cases, and defendants Joseph Corozzo and Charles Carneglia in prior criminal cases presents a

potential but waivable conflict of interest. Following an inquiry of Zagari into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Zagari, Corozzo and Carneglia will file executed written waivers.

12. The joint representation by James Froccaro, Esq. of defendants Robert Epifania and Angelo Ruggiero, Jr. and the prior representation of defendant John Regis in this case present potential but waivable conflicts of interest. Following an inquiry of Epifania and Ruggiero into their understanding of the potential conflicts and the limitations placed on their attorney, the court accepts their waivers. Epifania, Ruggiero and Regis will file executed written waivers.

13. The representation by Serita Kedia, Esq. of defendant Mario Cassarino in this case and government witness Hunter Adams in a prior criminal case presents a potential but waivable conflict of interest. Following an inquiry of Cassarino into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Cassarino will file an executed written waiver.

14. The representation by Joel Winograd, Esq. of defendant Michael Urciuoli and the prior representation of defendant Leonard DiMaria in this case presents a potential but waivable conflict of interest. Following an inquiry of Urciuoli

into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Urciuoli and DiMaria will file executed written waivers.

15. The representation by Henry Mazurek, Esq. of the Law Offices of Gerald Shargel of defendant Vincent Dragonetti and the representation by Gerald Shargel, Esq. of defendant Anthony Scibelli in this case and defendant Nicholas Corozzo in a prior criminal case present potential but waivable conflicts of interest. Following an inquiry of Dragonetti and Scibelli into their understanding of the potential conflicts and the limitations placed on their attorneys, the court accepts their waivers. Dragonetti and Scibelli will file executed written waivers.

16. The representation by Bettina Schein, Esq. of defendant Todd Polakoff and the prior representation of defendant Louis Filippelli in this case present a potential but waivable conflict of interest. Following an inquiry of Polakoff into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Polakoff and Filippelli will file executed written waivers.

17. The representation by Robert Beecher, Esq. of defendant Louis Mosca and the prior representation of defendant Richard Gotti in this case present a potential but waivable conflict of interest. Following an inquiry of Mosca into his

understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Mosca and Gotti will file executed written waivers.

18. The joint representation by Michael Galeno, Esq. of defendants Lance Moskowitz and Richard Ranieri in this case presents a potential but waivable conflict of interest. Following an inquiry of Moskowitz and Ranieri into their understanding of the potential conflict and the limitations placed on their attorney, including that their attorney will not be permitted to represent both of them at trial if they end up in the same trial group, the court accepts their waivers. Moskowitz and Ranieri will file executed written waivers.

19. The joint representation by James Branden, Esq. of defendants John Regis and Tara Vega in this case presents a potential but waivable conflict of interest. Mr. Branden, who was not present at the hearing, will appear with Vega and Regis before Magistrate Judge Robert M. Levy to determine whether a waiver is acceptable.

20. The representation by Robert LaRusso, Esq. of Ronald Flam in this case and a government witness presents a potential but waivable conflict of interest. Mr. LaRusso will appear with Flam, who waived his appearance at the hearing, before Magistrate Judge Robert M. Levy to determine whether a waiver is acceptable.

21. The representation by John Meringolo, Esq. of Guilio Pomponio in this case and Edmund Boyle, an alleged Gambino family associate, in a prior criminal case presents a potential but waivable conflict of interest. Following an inquiry of Pomponio into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Pomponio will file an executed written waiver.

22. The representation by Michael Rosen, Esq. of defendant Jerry Romano in this case and government witness Lewis Kasman in a prior criminal case presents a potential but waivable conflict of interest. Following an inquiry of Romano into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Romano will file an executed written waiver.

23. The representation by Steven Brounstein, Esq. of Edward Sobol in this case and a government witness presents a potential but waivable conflict of interest. Following an inquiry of Sobol into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Sobol will file an executed written waiver.

24. The representation by Scott Leemon, Esq. of Vincent Gotti in this case and Pasquale Conte, Frank Locascio, Salvatore Locascio and Carmine Agnello, alleged Gambino family members and associates, in prior criminal cases presents a

potential but waivable conflict of interest. Following an inquiry of Gotti into his understanding of the potential conflict and the limitations placed on his attorney, the court accepts his waiver. Gotti will file an executed written waiver.

25. The motion by Ernest Grillo seeking additional access to the recordings produced in discovery at the Metropolitan Detention Center is denied with leave to renew at a later date given the steps identified by the Metropolitan Detention Center to address the issue.

26. A pretrial conference for the defendants in Group A is scheduled for May 8, 2008, at 10:00 a.m.

27. Pretrial motions will be returnable on that date. A pretrial conference for the defendants in Groups B through I is scheduled for July 8, 2008, at 10:00 a.m. Pretrial motions will be returnable on that date.

SO ORDERED.

JACK B. WEINSTEIN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
April 14, 2008