# SETH GINSBERG
ATTORNEY AT LAW

October 2, 2008

**Via ECF and Fax**
Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *United States v. Agate (Scotto)*, **08 Cr. 76 (JBW)**

Dear Judge Weinstein:

   The United States Probation Department for the Eastern District of New York ("Probation") informed the Court that in its view defendant William Scotto owes restitution to John Doe #4 as follows: (a) $4,000.00 in connection with a debt that John Doe #4 owed to ADCO Electrical Corporation ("ADCO"); and (b) $5000.00 in connection with a debt that John Doe #4 owed to El Camino Trucking ("El Camino").  As demonstrated more fully below, Probation is incorrect on both counts because (1) Probation seeks restitution for conduct that is not part of the offense of conviction or agreed to by the parties; and (2) John Doe #4 did not suffer physical harm or a pecuniary loss.

   Restitution is required for certain offenses if a victim suffered a physical injury or a pecuniary loss.  18 U.S.C. § 3663A.  However, "[a]bsent an agreement by the parties, the court may order restitution for losses attributable to the offense of conviction, **not for related conduct**."  *United States v. Lisa*, 152 Fed.Appx. 85, 87 (2d Cir. 2005) (emphasis supplied) (*citing United States v. Silkowski*, 32 F.3d 682, 688-89 (2d Cir. 1994)); *United States v. Germosen*, 139 F.3d 120, 131 (2d Cir. 1998) (**relevant conduct not part of the offense of conviction for restitution purposes**).  Moreover, "a court's power to order restitution is limited to actual loss."  *United States v. Carboni*, 204 F.3d 39, 47 (2d Cir. 2000)); *United States v. Oladimeji*, 463 F.3d 152, 160 (2d Cir. 2006) (restitution orders must reflect actual losses).

   Scotto pled guilty pursuant to a plea agreement to a violation of 18 U.S.C. §1962 (d) based upon his participation in two racketeering acts.  Scotto's plea did not include the alleged extortion of John Doe #4 in connection with ADCO, thus it is not part of the offense of conviction.  In addition, Scotto did not consent in his plea agreement to pay restitution in connection with the ADCO allegation.  Accordingly, restitution may not be ordered with respect to the ADCO allegation.  *See Lisa*, 152 Fed.Appx. at 87; *Germosen*, 139 F.3d at 131.

Honorable Jack B. Weinstein
October 2, 2008
Page 2 of 2

      With respect to both ADCO and El Camino, John Doe #4 did not suffer physical injury or a pecuniary loss. In fact, Probation prepared a Presentence Report ("PSR") in which it stated that "Scotto approached John Doe #4 to collect **monies owed** to ADCO Electrical Corporation **by John Doe #4**." PSR at 27 (emphasis supplied). Similarly, with respect to El Camino, Probation reported that Scotto approached John Doe #4 to collect **monies owed by John Doe #4** to El Camino Trucking . . . ." PSR at 28 (emphasis supplied).

      There is no claim, nor any evidence, that John Doe #4 paid any money in connection with either his debt to ADCO or El Camino that was beyond that which he actually owed. The impropriety of Scotto's conduct concerns only the manner in which those debts were collected. Thus, because there has been no showing that John Doe #4 suffered a loss as a result of Scotto's conduct, there is no basis upon which to order Scotto to pay restitution. *See Carboni*, 204 F.3d at 47; *Oladimeji*, 463 F.3d at 160.

      Accordingly, because (a) ADCO is not part of the offense of conviction; and (b) John Doe #4 did not suffer any loss as the result of Scotto's conduct, we respectfully request that the Court deny Probation's application for restitution.

Respectfully,


\_\_\_\_\_/s/_____
Seth Ginsberg

cc:    All Counsel (via ECF)