**SETH GINSBERG**
ATTORNEY AT LAW

October 2, 2008

**Corrected Version**
**Via ECF and Fax**
Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Agate (Scotto)*, **08 Cr. 76 (JBW)**

Dear Judge Weinstein:

      The United States Probation Department for the Eastern District of New York ("Probation") informed the Court that in its view defendant William Scotto owes restitution as follows: (a) $4,000.00 in connection with a debt that John Doe #4 owed to ADCO Electrical Corporation ("ADCO"); and (b) $5000.00 in connection with a debt that John Doe #4 owed to El Camino Trucking ("El Camino"). As demonstrated more fully below, Probation is incorrect on both counts because (1) Probation seeks restitution for conduct that is not part of the offense of conviction or agreed to by the parties; and (2) neither ADCO Electrical nor El Camino suffered physical harm or a pecuniary loss.

      Restitution is required for certain offenses if a victim suffered a physical injury or a pecuniary loss. 18 U.S.C. § 3663A. However, "[a]bsent an agreement by the parties, the court may order restitution for losses attributable to the offense of conviction, **not for related conduct**." *United States v. Lisa*, 152 Fed.Appx. 85, 87 (2d Cir. 2005) (emphasis supplied) (*citing United States v. Silkowski*, 32 F.3d 682, 688-89 (2d Cir. 1994)); *United States v. Germosen*, 139 F.3d 120, 131 (2d Cir. 1998) (**relevant conduct not part of the offense of conviction for restitution purposes**). Moreover, "a court's power to order restitution is limited to actual loss." *United States v. Carboni*, 204 F.3d 39, 47 (2d Cir. 2000)); *United States v. Oladimeji*, 463 F.3d 152, 160 (2d Cir. 2006) (**restitution orders must reflect actual losses**).

      Scotto pled guilty pursuant to a plea agreement to a violation of 18 U.S.C. §1962 (d) based upon his participation in two racketeering acts. Scotto's plea did not include the alleged extortion of John Doe #4 in connection with ADCO, thus it is not part of the offense of conviction. In addition, Scotto did not consent in his plea agreement to pay restitution in connection with the ADCO allegation. Accordingly, restitution may not be ordered with respect to the ADCO allegation. *See Lisa*, 152 Fed.Appx. at 87; *Germosen*, 139 F.3d at 131.

Honorable Jack B. Weinstein
October 2, 2008
Page 2 of 2

   With respect to both ADCO and El Camino, neither suffered physical injury or a pecuniary loss. As to El Camino, Probation prepared a Presentence Report ("PSR") in which it stated that Scotto approached John Doe #4 to collect monies owed by John Doe #4 to El Camino Trucking . . . ." PSR at 28. Probation further stated that as result of Scotto's action, "**John Doe #4 paid the $5,000** demanded of him by Scotto **to El Camino Trucking in the form of free trucking services**." PSR at 28 (emphasis supplied). Thus, El Camino did not suffer a pecuniary loss and restitution is, therefore, not due.

   With respect to ADCO, apart from the fact that this allegation is not part of the offense of conviction, Probation reported that "Scotto approached John Doe #4 to collect monies owed to ADCO Electrical Corporation by John Doe #4." PSR at 27. According to Probation, in response to Scotto's actions, John Doe #4 paid $4000 to Scotto rather than to ADCO. PSR at 27. Assuming *arguendo* that this allegation is accurate, there is no evidence that ADCO did not receive the $4000 from Scotto. The information contained in Probation's report to the Court came from the case agents—not the "victim." Consequently, given that this allegation is not part of the offense of conviction, there is inadequate information upon which to determine that ADCO suffered a pecuniary loss and restitution should, therefore, not be ordered.

   Thus, because there has been no showing that either El Camino or ADCO suffered a loss as a result of Scotto's conduct, there is no basis upon which to order Scotto to pay restitution. *See Carboni*, 204 F.3d at 47; *Oladimeji*, 463 F.3d at 160.

## Conclusion

   Accordingly, because (a) ADCO is not part of the offense of conviction; and (b) neither EL Camino nor ADCO suffered a pecuniary loss as the result of Scotto's conduct, we respectfully request that the Court deny Probation's application for restitution.

Respectfully,


_____/s/_____
Seth Ginsberg

cc:  All Counsel (via ECF)