**SETH GINSBERG**
ATTORNEY AT LAW

October 5, 2008

**Via ECF and Fax**
Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Agate (Scotto)*, **08 Cr. 76 (JBW)**

Dear Judge Weinstein:

## Introduction

The government has made an 11th hour change of course and seeks to have the Court impose liability upon William Scotto for restitution in the amount of $631,249 as opposed to the $9,000 sought by the United States Probation Department for the Eastern District of New York ("Probation"). The government makes this request despite its acknowledgement that Scotto had no involvement in any of the racketeering acts that form the basis of its application.

As set forth below, we respectfully request that the Court deny the government's application because—despite Scotto's plea to a RICO conspiracy count—the government has failed to show that the conduct at issue was reasonably foreseeable to Scotto. Consequently, there is no basis upon which to impose restitution on Scotto based upon the acts of others in which he did not participate; to which he did not agree; and which were not reasonably foreseeable to him.

## Overview of Relevant Facts

On August 6, 2008, Probation issued a Presentence Report ("PSR") in which it stated that William Scotto caused a $4,000 loss to ADCO Electrical Corporation ("ADCO") and a $5,000 loss to El Camino Trucking ("El Camino"). PSR at 43. In response, on August 21, 2008, we submitted a sentencing letter in which we objected to these loss figures. Letter from Seth Ginsberg to the Honorable Jack B. Weinstein, dated August 21, 2008, at 16. The government did not register any objections to the PSR.

On September 15, 2008, Probation provided us with a letter to the Court, dated August 20, 2008, based upon information that it received from the Case Agent in which it reiterated its

Honorable Jack B. Weinstein
October 5, 2008
Page 2 of 6

position that Scotto is responsible for restitution to ADCO and El Camino. In response, we submitted a letter to the Court, dated October 2, 2008, in which we elaborated upon the objections stated in our August 21, 2008 letter.

Subsequently, the government filed a letter, dated October 2, 2008, ("Government Restitution Letter") in which it revealed for the first time that it does not agree with Probation's position—despite the fact that Probation received its information from the Case Agent, and the government, therefore, was likely aware of the substance of that information for some time.

To our surprise, the government agrees that Scotto is not responsible for restitution to ADCO or El Camino in the total amount of $9,000. Gov. Restitution Ltr. at 3 n.1. Instead, the government takes the untenable position that Scotto is responsible for $631,249 based upon conduct in which the government has never alleged that he took part and has not shown was reasonably foreseeable to him.

Indeed, in the government's recitation of the facts related to restitution, it does not mention Scotto a single time. Apart from its acknowledgement that Scotto does not owe restitution to ADCO or El Camino, the only times that the government mentions his name in its letter is in Table 1 and Table 3, which alone speaks volumes about Scotto's lack of involvement in the underlying conduct that the government claims gives rise to restitution.

Nevertheless, despite his utter lack of involvement in any of the conduct that gives rise to the claim for restitution, the government maintains that Scotto is responsible for virtually all of the losses in the case as the result of his plea to the RICO conspiracy count. Contrary to the government's view, however, Scotto's plea to the RICO count does not render him liable for each and every racketeering act set forth in that charge.

Scotto pled guilty to having participated in the affairs of an enterprise through a specific pattern of racketeering, namely the two racketeering acts described in his plea allocution. The government has not, and cannot, show that any of the other racketeering acts were reasonably foreseeable to Scotto or that he even had knowledge of those acts much less that he agreed to their commission. Accordingly, even under its theory of conspiratorial liability, Scotto cannot be held responsible for the losses set forth in the Government Restitution Letter.

### The Facts and Law Do Not Support an Order of Restitution Against Scotto

As noted in our letter, dated October 2, 2008, and now acknowledged by the government, while a court may order restitution for the offense of conviction, it may not do so for relevant conduct. *United States v. Lisa*, 152 Fed.Appx. 85, 87 (2d Cir. 2005) (*citing United States v. Silkowski*, 32 F.3d 682, 688-89 (2d Cir. 1994)). In the case of a conspiracy, however, the offense of conviction includes any reasonably foreseeable loss caused by a coconspirator in furtherance of the conspiracy. *See Lisa*, 152 Fed.Appx. at 87; *United States v. Royal*, 100 F.3d 1019, 1032 (1st Cir. 1999) (district court may order defendant to pay restitution for his own acts plus any reasonably foreseeable loss caused by his co-conspirators acting in furtherance of the conspiracy).

In the case of a broad RICO conspiracy comprised of numerous individual conspiracies, however, the acts of every coconspirator should not automatically be deemed reasonably foreseeable to each and every defendant. *Cf. United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (addressing the need for a bill of particulars in a RICO case, the Second Circuit found that "[w]ith the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope.").

Here, the government charged a RICO conspiracy that extends from 1975 to 2008; includes 23 people and 56 racketeering acts; and is comprised of numerous individual conspiracies. Scotto, however, was charged in only three racketeering acts, and he pled to a pattern that included just two of those racketeering acts, both of which the government agrees do not require restitution.

Yet, despite its claim that Scotto is liable for restitution for the losses stemming from all of the additional racketeering acts charged in the indictment, the government has made no attempt to prove by a preponderance of the evidence or otherwise that it was foreseeable to Scotto that those racketeering acts would be committed.

Apart from his plea, the government has proffered no evidence that any of the acts of his coconspirators were reasonably foreseeable to Scotto. Moreover, there is no such evidence in any of the discovery material that the government provided in the course of this case—not one of the thousands of consensually recorded conversations or wiretap intercepts provides a basis to conclude otherwise. Furthermore, should the government proffer evidence in support of its position, we assert that they would be in violation of the spirit, if not the letter, of the plea agreement, which is predicated upon the two racketeering acts that Scotto admitted in his plea.

In apparent recognition that it cannot meet its burden, the government sidesteps the legal requirement to show that the conduct at issue was reasonably foreseeable to Scotto and simply claims that Scotto is liable for every act in the indictment because he pled to an offense that involved a pattern of activity. The government, however, has not provided the Court with any authority to support the imposition of liability on the tenuous basis that it advocates. Rather, in support of its position, the government cites several cases each of which is readily distinguishable from the case at hand.

As noted above, Scotto is not alleged to have participated in a single racketeering act set forth in the Government Restitution Letter as the basis for restitution, and there is no evidence that Scotto had any knowledge of those acts or that they were reasonably foreseeable to him. Additionally, as demonstrated below, none of the cases upon which the government relies involves a broad sweeping RICO indictment comprised of multiple distinct conspiracies similar to the one at issue here.

By contrast, in *United States v. Dupre*, 2007 WL 1589451 at *5 (S.D.N.Y. June 4, 2007), upon which the government relies, while the court ordered restitution for conduct (a wire fraud

Honorable Jack B. Weinstein
October 5, 2008
Page 4 of 6

case, not a RICO case) that occurred outside the temporal period charged in the indictment, there was no issue regarding the defendants' participation in the conduct that formed the basis of the restitution order. Thus, *Dupre* has no bearing on the issue now before the Court concerning Scotto.

The government also relies on *Chu v. United States*, 2008 U.S. Dist. LEXIS 27942 (S.D.N.Y. March 20, 2008) ("*Chu 1*"). In *Chu1*, a bank fraud case, the defendant claimed in a petition brought under 18 U.S.C. § 2255 that his trial counsel was ineffective because he allowed Chu to be sentenced for conduct not contained in the indictment and because he stipulated to the fact that certain banks were FDIC insured. *Id*. at *10.

In its report and recommendation to the District Court, Magistrate Judge Frank Maas found that counsel had not been ineffective because (1) the indictment was facially sufficient and made clear that the conduct charged extended to banks beyond those it identified; (2) FDIC insurance was irrelevant to the issues; and (3) the banks were in fact FDIC insured. *Chu1* at *10-13. Subsequently, the District Court adopted those findings. *Chu v. United States*, 2008 U.S. Dist. LEXIS 48267 at *4-7 (S.D.N.Y. June 24, 2008) ("*Chu2*"). Thus, the holding of *Chu* is irrelevant to the issues here.

However, though not directly relevant to the issue in the § 2255 petition, the court in *Chu1* also found that because the jury had rejected Chu's claim that he had not been a knowing participant in the fraudulent scheme, his participation in the conspiracy rendered him liable for restitution for all losses caused in the course of his criminal conduct. *Chu1* at *12.

Here, however, unlike in *Chu*, there is no jury finding that the acts that form the basis of the government's restitution claim were part of Scotto's criminal course of conduct and were, therefore, reasonably foreseeable to him. To the contrary, Scotto pled to a RICO count based upon a pattern involving two discrete acts, neither of which is the subject of the government's claim for restitution. Knowing that to be the case, the government implicitly asks this Court to expand conspiratorial liability to include all acts of every coconspirator regardless of whether they were reasonably foreseeable to a particular defendant. *Chu1* does not support the government's position—indeed, there is no authority to support the government's position.

Similarly, in *United States v. Collins*, 209 F.3d 1 (1st Cir. 1999), another bank fraud case upon which the government relies, the defendant pled guilty to participating in a fraudulent check cashing scheme. There, the government argued—and the court agreed—that the defendant was responsible for restitution stemming from "checks cashed by individuals about whose check cashing the defendant was aware" because those losses were reasonably foreseeable to the defendant. *Id*. at 2. In support of that finding, the government provided evidence of numerous checks that the defendant had cashed as well as evidence that he physically did so with others who were simultaneously cashing fraudulent checks in his presence. *Id*. at 2.

There is no comparable evidence with respect to Scotto. Here, unlike in *Collins*, the conduct that forms the basis of the restitution claim is entirely separate from the conduct to which Scotto admitted. The RICO conspiracy in this case is comprised of several disparate

conspiracies that have no connection to one another whatsoever. Thus, the holding in *Collins*—that, in a unified bank fraud scheme, losses arising from the conduct of others of which a defendant is aware are reasonably foreseeable—does nothing to further the government's position with respect to Scotto.

The government also relies on the holding in *United States v. Boyd*, 222 F.3d 47 (2d Cir. 2000), a mail and wire fraud case, that a defendant is liable for restitution for the reasonably foreseeable acts of coconspirators. While we do not take issue with the holding in *Boyd*, it does nothing to advance the inquiry now before the Court.

In *Boyd*, a jury convicted the defendant and, consequently, on appeal the court construed the facts in the light most favorable to the government. *Id*. at 48-49. In addition, in *Boyd* the issue of restitution was not preserved below and the Second Circuit, therefore, reviewed for plain error. *Id*. at 49. Applying those deferential standards, the Second Circuit upheld the District Court's finding that the defendant had sufficient knowledge of the operation of the entity at the hub of the fraudulent activity to render the acts of her coconspirators reasonably foreseeable.

Here, no jury has found any facts and we are not dealing with an unpreserved claim, both of which distinguish *Boyd* from the case at hand. Moreover, unlike in *Boyd*, there simply is no evidence that Scotto had any awareness of the acts at issue and the government has offered no theory upon which to conclude that they were reasonably foreseeable to him.

The government also cites *United States v. Lino*, 327 F.3d 208 (2d Cir. 2003), which is a RICO case, for the proposition that a restitution order may be joint and several. Although we do not take issue with that proposition as a general matter, *Lino*, in fact, does not stand for that proposition. The issue before the Second Circuit in *Lino* was whether the District Court had properly considered the defendant's financial condition in ordering restitution. *Lino*, therefore, has no bearing on the matter now before the Court.

Moreover, unlike the case now before the Court, *Lino*, despite being a RICO action, involved a single stock fraud conspiracy in which the defendant had played a role. Here, the indictment is comprised of numerous distinct conspiracies each of which operated independent of the others. Thus, apart from the fact that *Lino* does not address the issue for which the government cites it, it is factually distinct from this case in a material respect.

The government has, quite simply, failed to provide a single case that is at all similar to the instant one. Furthermore, we have not found any cases in which a court has ever before imposed restitution upon a defendant in a wide-ranging RICO case for the conduct of others in which he did not participate; to which he did not agree; and which was by no means reasonably foreseeable to him.

In addition, as noted above, the government did not even mention Scotto a single time in its recitation of the relevant facts in its restitution letter. It is, therefore, inconceivable that someone whom the government does not deem significant enough to merit even a mention in its statement of facts could nonetheless be held responsible for the entirety of the losses in this case

amounting to $631,329.

Thus, because the government has failed to show that the commission of the acts set forth in its restitution letter were reasonably foreseeable to Scotto, and because it has provided no authority to excuse the requirement that it do so, we submit that the Court should deny its application.

## **Conclusion**

Based upon all of the above in conjunction with our letter dated October 2, 2008, we ask that the Court deny the government's application for restitution on the grounds that (a) Scotto's conduct did not cause a loss, which the government has now conceded; and (b) the government has not demonstrated that the acts set forth in its restitution letter were reasonably foreseeable to Scotto.  In addition, we join in the arguments of co-counsel that are applicable to Scotto and welcome denial of the government's application upon any ground asserted in those arguments.

In the alternative, if the Court is not prepared to deny the government's application at this time, we request additional time within which to further brief this issue and several others, some of which have been identified in the letters of co-counsel, particularly the letter of Henry Mazurek, Esq., dated October 3, 2008.  The Court is due to sentence Scotto on October 17, 2008; thus, there is ample time within which to address these issues.

Respectfully,


\_\_\_\_\_/s/_____
Seth Ginsberg

cc:     All Counsel (via ECF)