UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

WILLIAM SCOTTO,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

08-CR-76

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 30 2008 ★

BROOKLYN OFFICE

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On May 29, 2008, William Scotto pled guilty to count one of an eighty-count superseding indictment which charged that between February 1975 and February 2008, he and others, under the employ of and associated with an organized crime family, conspired to conduct and participate in the affairs of a criminal enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and 1963. Scotto allocuted to Racketeering Acts 32 and 41. Racketeering Act 32 charged that, on June 8, 2005, Scotto with others: (1) obstructed, delayed, and affected commerce by extortion through an agreement to obtain property, specifically money obtained from John Doe #4, whose consent was to be induced through wrongful use of actual and threatened force, violence, and fear, in violation of 18 U.S.C. § 1951(a); (2) stole money relating to an alleged debt owed by John Doe #4 by extortion, in violation of New York Penal Law §§ 155.30(6), 155.05(2)(e)(i), 155.05(2)(e)(ii), 155.05(2)(e)(ix), and 20.00; and (3) made and attempted to collect an extortionate extension of credit from John Doe #4, in violation of 18 U.S.C. § 894(a)(1) and (2). Racketeering Act 41 charged that between January 1, 2006, and March 17, 2006, Scotto with others: (1) conspired to obstruct, delay, and affect commerce by extortion through an agreement to obtain property, specifically money obtained from John Doe #4, whose consent was to be induced through the wrongful use of actual and threatened force, violence, and fear, in violation of 18 U.S.C. § 1951(a); (2) conspired to make an extortionate extension of credit to John Doe #4, in violation of 18 U.S.C. § 892(a); and (3) made an extortionate extension of credit to John Doe #4, in violation of 18 U.S.C. § 892(a).

Scotto was sentenced on December 12, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

2

At sentencing, the court found that an enhancement of two points to the total offense level was warranted because, as a soldier in an organized crime family, Scotto carried with him an implied threat of violence. A total offense level of sixteen was found. Defendant's criminal history category was determined to be three. The appropriate guidelines range of imprisonment was between twenty-seven and thirty-three months. The offense carried a maximum term of imprisonment of twenty years. See 18 U.S.C. § 1963. The guidelines range of fine was from $5,000 to $50,000. The maximum fine was $250,000. See 18 U.S.C. § 3571(a) and (b)(3). The underlying charges in the superseding indictment were dismissed upon motion by the government.

Scotto was sentenced to twenty-seven months imprisonment and three years supervised release. He was already serving a term of thirty-three months imprisonment for another criminal conviction. The court ordered that the terms would be served concurrently, beginning on December 12, 2008, the date of this sentencing. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine. The issue of restitution was adjourned to the restitution hearing to be held for this and related cases.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime is serious because it supported dangerous organized crime activity. The defendant has held gainful employment in

the construction industry and has a positive marital relationship. A sentence of twenty-seven months imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in organized crime will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

                                    s/Jack B. Weinstein

                                    Jack B. Weinstein
                                    Senior United States District Judge

Dated: December 19, 2008
       Brooklyn, New York